# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:01-cr-148-02-FDW

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| ABDULLAH IBN MUHAMMAD, ) | |
| ) | |
| Defendant. ) | |
| ) | |

THIS MATTER is before the Court on Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Doc. No. 367) based upon the retroactive application of the crack cocaine penalty reduction imposed by the United States Sentencing Commission. See United States Sentencing Commission Sentencing Guidelines, Amendment 706, as amended by Amendment 711 (reducing the guideline range for crack cocaine offenses, effective November 1, 2007) and Amendment 713 (making Amendment 706 retroactive, effective March 3, 2008). The Government has responded in opposition to the motion (Doc. No. 372), and Defendant submitted a reply (Doc. No. 373). The Court has reviewed Defendant's case to determine whether he is eligible for a sentence reduction. The Government concedes that Defendant is eligible for the reduction, and the Court is inclined to grant it, but for the reasons that follow is unwilling to give Defendant the extent of the reduction he has requested.

Defendant Abdullah Ibn Muhammad was indicted on August 6, 2001, and charged with: (1) conspiracy to possess with intent to distribute, and distribute, cocaine and cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1). Defendant entered into a "straight-up" guilty plea on October 31, 2001.

It is uncontested that Defendant's original guideline range of imprisonment was between 188

and 235 months, based on an offense level of thirty-five (35) and a criminal history category of II as calculated by the Guidelines as they existed at the time of Defendant's sentencing. Following a motion for a downward departure under Sentencing Guidelines § 5K1.1., the Court departed downward four offense levels to a level 31 and a Guidelines range of imprisonment between 121 and 151 months and sentenced Defendant to 121 months. On April 15, 2003, Defendant's sentence was modified pursuant to a Rule 35 motion, and the Court sentenced him to 87 months imprisonment.[1] Defendant has served approximately 85 months of his sentence and now requests that this Court reduce his sentence to 70 months.[2] Doing so would not only result in the immediate release of Defendant, but would also create a fifteen-month "credit" to be applied against any future sentence that the Court might later impose upon revocation of supervised release.

Section 3582(c)(2) of Title 18 provides that in the case of a defendant who has been sentenced to a term of imprisonment "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," upon motion of the defendant or upon its own motion, the court *may* reduce the term of imprisonment, "after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent they are applicable" and if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission. The text of § 1B1.10, as amended, makes

---

[1] Because the Court sentenced Defendant below the mandatory minimum of 120 months, the Court impliedly applied 18 U.S.C. § 3553(e), although it is not specifically stated in the Order.

[2] The offense level after the application of the retroactive amendment would be twenty-nine (29), yielding a guideline range of 97 to 121 months. Defendant has requested that he be sentenced at 72% of the minimum end of this range (70 months), which sentence would be comparable to the 87 months that he is serving in the previous 121 to 151 month range.

clear in subsection (a)(3) that "proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant." Id. § 1B1.10(a)(3). In the Commentary to § 1B1.10, the Sentencing Commission emphasized that the decision to grant a sentence reduction authorized by retroactive amendments is a discretionary decision, making clear that defendants are not entitled to such reductions as a matter of right: "The authorization of such a *discretionary reduction* . . . does not entitle a defendant to a reduced term of imprisonment as a matter of right." Id. Background Commentary (emphasis added); see also U.S.S.G. § 1B1.10(a)(1) (indicating that the Court "*may* reduce the defendant's term of imprisonment") (emphasis added).

The full record before the Court, including the original Presentence Report, indicates that, between 1998 to 2001, Defendant sold both heroin and crack cocaine for a drug conspiracy that operated from January 1995 to August 2001. Defendant traveled to New Jersey to purchase a substantial amount of heroin, which he later sold to multiple customers who purchased distribution-level quantities. During the course of the conspiracy, Defendant purchased several firearems, including an UZI with two 90-magazines, a Glock .40 caliber pistol, a Glock 9-millimeter pistol, and a lightweight .38 caliber revolver. It is the purchase of such dangerous firearms during the course of a sophisticated and long-running drug trafficking conspiracy and the large amount of heroin attributable to Defendant that give the Court pause. Although the Court has considered all of the §3553(a) sentencing factors as they relate to Defendant, the Court particularly notes its duty to consider "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1), as well as the need "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(C). Defendant's involvement in such a dangerous

conspiracy and his particular willingness to so arm himself during the conspiracy convince the Court that reducing Defendant's sentence to seventy (70) months is inappropriate.

The Court does feel, however, that Defendant should receive some benefit from the crack cocaine amendment. While in prison, Defendant received one moderate disciplinary action for bring insolent to a staff member and interfering with staff. The Court will, therefore, reduce Defendant's sentence by one (1) month, from 87 months to 86 months. This reduction gives Defendant the benefit of the amendment while recognizing the nature of his criminal conduct and the Court's duty to protect safety of the public. The Court finds that this amended sentence of 86 months is adequate, but no greater than necessary, to accomplish the objectives of 18 U.S.C. § 3553(a), while a further reduction would frustrate those objectives.[3]

Therefore, the Court finds that, under the facts and circumstances of this case, and in consideration of the relevant sentencing factors at § 3553(a), an amended sentence of 86 months is an appropriate reduction. Accordingly, Defendant's motion is GRANTED.

IT IS SO ORDERED.

Signed: May 15, 2008

_____
Frank D. Whitney
United States District Judge

---

[3] The Court notes that it is not required under Fourth Circuit case law to undertake an exhaustive analysis of all of the § 3553(a) factors in this Order. See United States v. Legree, 205 F.3d 724, 728 (4th Cir. 2000); see also United States v. Foster, No. 07-7066, 2007 WL 4284675, at *1 (4th Cir. December 7, 2007); United States v. Johnson, 138 F.3d 115, 119 (4th Cir. 1998); United States v. Davis, 53 F.3d 638, 642 (4th Cir. 1995).